**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOHNNY M. LAWRENCE,<br><br>            Plaintiff,<br><br>vs.<br><br>JAMIE KRAHNE; ET. AL.,<br><br>            Defendants. | 2:16-cv-00762-JCM-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTION FOR CHALLENGE OF A STATE STATUTE'S CONSTITUTIONALITY (ECF NO. 2)<br>MOTION FOR WRIT OF SUPERVISORY CONTROL OF AN INFERIOR STATE COURT (ECF NO. 3)<br>MOTION FOR DEFAULT JUDGEMENT (ECF NO. 6) |

This matter involves Plaintiff Johnny Lawrence's civil action against Jamie Krahne, Prime Healthcare, Kurt Bonhartleben, and others. (ECF No. 2). Before the court are Lawrence's motion for challenge of a state statute's constitutionality (ECF No. 2), motion for writ of supervisory control of an inferior state court (ECF No. 3), and motion for default judgement (ECF No. 6). For the reasons stated below, the court recommends Lawrence's claims be dismissed without prejudice.

## I.   BACKGROUND

On April 6, 2016, Lawrence filed a Motion for Challenge of a State Statute's Constitutionality. (ECF No. 2). He also filed a similar motion under the title Motion for Writ of Supervisory Control of an Inferior State Court. (ECF No. 3). On July 5, 2016, Lawrence filed a motion for default judgment. (ECF No. 6).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 3 governs commencing an action. Fed. R. Civ. P. 3. "A civil action is commenced by filing a complaint with the court." *Id.*  A complaint must contain the following:

(1) a statement of the grounds for jurisdiction, (2) a short and plain statement of the claim showing why the Plaintiff is entitled to relief, and (3) a demand for relief.  Fed. R. Civ. P. 8(a).

Under Rule 4, the Plaintiff must serve a copy of the summons and complaint upon the Defendant.  Fed. R. Civ. P. 4.  A summons must be issued for each defendant to be served.  Fed. R. Civ. P. 4(b).  The plaintiff may submit a summons to the court for issuance.  *Id.*  If proper, the clerk must sign and seal the summons for issuance upon the defendant.  *Id.*  To be proper, a summons must: "(A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal."  Fed. R. Civ. P. 4(a)(1).

 "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) ...."  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) directs the court to dismiss the action without prejudice"[i]f a defendant is not served within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).

"Any person who is at least 18 years old and not a party may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2).

How service of process occurs may differ between defendants.  Fed. R. Civ. P. 4.  An individual must be served in one of the following ways: (1) by delivering a copy of the summons and complaint to the individual personally; (2) by leaving a copy with someone of suitable age and discretion at the individual's home; or (3) by delivering a copy to an agent authorized to receive service of process.  Fed. R. Civ. P. 4(e)(1).  A corporation must be served in one of the following ways: (1) in a manner appropriate for serving an individual; or (2) by delivering a copy of the summons and complaint to an

officer, a managing or general agent, or any other agent authorized to receive service of process, and by mailing a copy to the defendant if a statute so requires.  Fed. R. Civ. P. 4(h)(1).

### III.   DISCUSSION

Lawrence commenced his action by filing a motion with the court.  (ECF No. 2)  It is improper for Lawrence to commence this action with a motion. Fed. R. Civ. P. 3.  Given Plaintiff's pro se status, this motion is construed as Lawrence's complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")  Lawrence's complaint is deficient and does not contain the necessary requirements under Rule 8.  Fed. R. Civ. P. 8(a).

Lawrence served the complaint upon Defendants himself, which violates Rule 4.  (Pl.'s Mot. For Challenge (ECF No. 2) at 16).  As a party to the case he may not serve the Defendants.  Fed. R. Civ. P. 4(c)(2).  Lawrence delivered the complaint via mail, which violates Rule 4 for how the Defendants must be served.  (Pl.'s Mot. For Challenge (ECF No. 2) at 16).

Defendants must be served with a copy of the summons with the complaint.  Fed. R. Civ. P. 4(c)(1).  No summons has been issued in this case and Lawrence has not requested any to be issued.

Lawrence must effectuate service on Defendants 90 days after the complaint is filed, or by July 5, 2016.  (ECF No. 1)  Lawrence has failed to properly effectuate service and the time to effectuate service has passed.  Fed. R. Civ. P. 4(m).

Lawrence did not properly serve the Defendants within the time required and his complaint does not comply with Rule 8.  The court therefore should dismiss the complaint for failure to follow Rules 4 and 8.  The court should also dismiss all other motions as moot.

ACCORDINGLY,

IT IS RECOMMENDED that all claims against Defendants be DISMISSED without prejudice (ECF No. 2).

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge.  Objections must be in writing and filed with the Clerk of the Court within fourteen days.  LR IB 3-1, 3-2.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party of the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action**.  *See* LSR 2-2.

DATED this 14th day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE