**James C. Mahan
U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHNNY M. LAWRENCE,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>JAMIE KRAHNE, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:16-CV-762 JCM (VCF)<br><br>ORDER |

　　　　Presently before the court are the report and recommendation of Magistrate Judge Ferenbach (ECF No. 7) regarding plaintiff Johnny Lawrence's motion for challenge of a state statute's constitutionality, (ECF No. 2) motion for writ of supervisory control of an inferior state court, (ECF No. 3) and motion for default judgment (ECF No. 6).  Since the report and recommendation's filing, plaintiff has additionally filed a motion for clarification/ruling on motion. (ECF No. 9).  Currently, these motions remain undecided.

　　　　A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4.  28 U.S.C. § 636(b)(1)(B); LR IB 3-2.  Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*  Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen days from the date of service of the findings and recommendations.  LR IB 3-2(a).

　　　　It appears that plaintiff relevantly objects to the report and recommendation by asserting that defendants are the proper parties to challenge improper service, the clerk of the court had

effected service, and sending change of address information was sufficient for notice. (ECF No. 8).

Federal Rule of Civil Procedure 4(b) states that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Next, Rule 4(c)(1) mandates that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Finally, Rule 4(m) reads: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Thus, from the text of Rule 4, plaintiff's objections have no merit. First, the plaintiff is responsible for complying with Rule 4's requirements. Fed. R. Civ. P. 4(c). Next, Judge Ferenbach's report and recommendation clearly put plaintiff on notice of the issues with his service of process, as evidenced by plaintiff's objection to the report and recommendation (ECF No. 8). *See* Fed. R. Civ. P. 4(m). Instead of attempting to properly issue service of process, plaintiff instead filed an objection to the report and recommendation (ECF No. 8) and—most recently—filed a "motion for clarification" that contains no acknowledgment of the lack of proper service of process (ECF No. 9). Instead, that motion asserts that "One Hundred and twenty (120) days will have passed since defendants have defaulted in their refusal to answer…." (ECF No. 9 at 1). From this language, it appears that plaintiff has chosen to ignore the magistrate judge's discussion of service of process.

Therefore, this court finds it proper that the report and recommendation of Magistrate Judge Ferenbach be adopted. Per Rule 4(m), this court dismisses the motion for challenge of a state statute's constitutionality—that motion most analogous to a complaint—without prejudice.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Ferenbach (ECF No. 7), are ADOPTED in their entirety.

IT IS FURTHER ORDERED that plaintiff's motion for challenge of a state statute's constitutionality (ECF No. 2) be, and the same hereby is, DENIED without prejudice.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   IT IS FURTHER ORDERED that plaintiff's motions for writ of supervisory control of an inferior state court, (ECF No. 3) default judgment, (ECF No. 6) and clarification/ruling on motion (ECF No. 9) be, and the same hereby are, DENIED as moot.

DATED August 24, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -